ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| **HÉCTOR COLÓN ESPINAL**<br><br>Recurrido<br><br>v.<br><br>**ELIZABETH SÁNCHEZ COLÓN**<br><br>Peticionario | TA2026CE00241 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>**CA2024CV00720**<br><br>Sobre:<br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparece ante este Foro, la señora Elizabeth Sánchez Colón (señora Sánchez Colón o parte peticionaria) y solicita la revisión de la *Orden* emitida el 16 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante la misma, el TPI autorizó la enmienda a la demanda solicitada por el señor Héctor Colón Espinal (señor Colón Espinal o parte recurrida).

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

**I.**

Según surge del expediente, el señor Colón Espinal y la señora Sánchez Colón estuvieron casados desde el 26 de abril de 2008 hasta el 8 de diciembre de 2023, cuando se divorciaron. El 4 de marzo de 2024, el señor Colón Espinal presentó una demanda sobre liquidación de comunidad de bienes contra la señora Sánchez Colón. Esta última contestó la demanda el 18 de septiembre de 2024.

Tras varios trámites procesales, y, en lo pertinente al asunto

que hoy atendemos, el 7 de enero de 2026, el señor Colón Espinal instó una *Solicitud de Autorización para la Presentación de Demanda Enmendada al Amparo de la Regla 13.3*. Basó su petitorio en que obtuvo evidencia necesaria para la más correcta disposición del caso y pretendía atemperar las alegaciones a la prueba. Mediante *Orden* del 16 de enero de 2026, el TPI autorizó la presentación de la demanda enmendada.

En desacuerdo, el 20 de enero de 2026, la señora Sánchez Colón solicitó reconsideración. Adujo que la orden del Tribunal autorizando la enmienda se dictó sin brindarle oportunidad de exponer su posición al respecto, en contravención a lo dispuesto en la Regla 8.4 de Procedimiento Civil. Alegó que se intentaba enmendar la demanda a casi dos años de presentada sin cumplir con los requisitos establecidos jurisprudencialmente. Añadió que la enmienda contenía nuevas teorías y causas de acción que no fueron alegadas en la demanda original, por lo que se alterarían las teorías legales, basándose en hechos distintos a los planteados originalmente. Por ende, argumentó que la autorización no debió otorgarse de manera automática. El 26 de enero de 2026, el TPI denegó la reconsideración.

Aun insatisfecha, la señora Sánchez Colón acude ante este Foro y le señala al TPI la comisión de los siguientes errores:

PRIMER ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR LA ENMIENDA A LA DEMANDA DE FORMA AUTOMÁTICA, SIN HABER CUMPLIDO LA PARTE DEMANDANTE-RECURRIDA CON LOS REQUISITOS ESTABLECIDOS EN LA REGLA 13.1 DE LAS DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA INTERPRETATIVA DE DICHA REGLA.

SEGUNDO ERROR:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR LA ENMIENDA A LA DEMANDA, LO QUE TUVO EL EFECTO DE PERMITIR LA INCORPORACIÓN DE NUEVAS ALEGACIONES SOBRE HECHOS

INEXISTENTES AL MOMENTO DE PRESENTAR LA DEMANDA ORIGINAL, LO QUE TUVO COMO CONSECUENCIA EL QUE SE ALTERARAN SUSTANCIALMENTE LAS TEORÍAS LEGALES BASÁNDOSE EN HECHOS DISTINTOS A LOS PLANTEADOS ORIGINALMENTE.

Junto a su recurso, la señora Sánchez Colón incoó una moción en auxilio de jurisdicción. Expresó que el 4 de marzo de 2026 vence el término para presentar su alegación responsiva en cuanto a la demanda enmendada. Además, razonó que la determinación que se emita en cuanto al recurso de referencia incidiría en el curso procesal ante el foro de instancia, por lo que solicitó que ordenáramos la paralización de los procedimientos, mientras atendíamos los méritos del recurso.

A tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte recurrida.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos

atender mediante el referido recurso. *Scotiabank v. ZAF Corp.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, págs. 59-60.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, evaluar, tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada. Ello, para tomar la determinación si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**B.**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, regula las enmiendas a las alegaciones. La misma dispone lo siguiente:

Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera**. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo. (Énfasis nuestro.)

La Regla 13.1 permite a una parte enmendar sus alegaciones cuando por alguna razón válida en derecho ha omitido algo en éstas. *Unidos de Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016).[2] Así, las enmiendas pueden ampliar las causas de acción expuestas en la demanda original, añadir una o más causas de acción y clarificar o ampliar una defensa previamente interpuesta. *Íd.*

De la letra de dicho precepto podemos colegir que el tribunal posee amplia discreción para permitir una enmienda a las alegaciones y que nuestro ordenamiento jurídico favorece su concesión. *Colón Rivera v. Wyeth Pharm.,* 184 DPR 184, 204 (2012); *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 747 (2005). Esta norma no puede aplicarse de forma restringida; el foro adjudicador deberá permitir liberalmente las enmiendas a las alegaciones cuando la justicia así lo requiera, aún en etapas avanzadas de los procedimientos. Véase, *Consejo Cond. Plaza del Mar v. Jetter*, 169 DPR 643 (2006).

Ahora bien, el ámbito liberal de esta Regla no es uno absoluto. Al momento de permitir una enmienda a las alegaciones se deben ponderar los siguientes factores: (i) el impacto del tiempo transcurrido previo a la enmienda, (ii) la razón de la demora, (iii) el perjuicio a la otra parte, y (iv) la procedencia de la enmienda solicitada. *S.L.G. Font Bardón v. Mini-Warehouse,* 179 DPR 322, 334 (2010). Es decir, la concesión para realizar enmiendas a las alegaciones está condicionada a un sensato ejercicio de discreción.

**III.**

En su escrito, la parte peticionaria nos solicita que revoquemos la determinación del TPI de autorizar la enmienda a la demanda. Precisa que la parte recurrida pretende utilizar como subterfugio dicho mecanismo procesal con el propósito de introducir

---

[2] Citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 591.

una nueva causa de acción de daños y perjuicios. Es su contención que la parte recurrida no cumplió con los requisitos establecidos jurisprudencialmente para enmendar la demanda. Asimismo, razona que lo autorizado por el Tribunal altera la totalidad del caso, pues, a su entender, convierte la controversia de la demanda original en tangencial, porque se basa en hechos ocurridos en fechas distintas, así como en eventos y causas de acción distinguibles. Por ello, esboza que la *Orden* objetada le causa un grave perjuicio.

Si bien es cierto que la Regla 13.1 de Procedimiento Civil, *supra*, promueve que las enmiendas a las alegaciones se concedan liberalmente, esto no implica que puedan autorizarse de forma ilimitada. Evaluada la petición de la parte recurrida, el TPI permitió la enmienda a la demanda.

Al analizar la determinación del TPI junto al lenguaje de la Regla 13.1 de Procedimiento Civil, *supra*, los factores esbozados por nuestra jurisprudencia y la conducta procesal hasta entonces manifestada, resolvemos denegar el recurso de referencia. La determinación impugnada constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, de acuerdo con las normas de derecho aplicables y los hechos ante su consideración.

Así las cosas, concluimos que el TPI no abusó de su discreción ni fue irrazonable en forma alguna al dictar la *Orden* en cuestión. Esta tampoco presenta indicios de prejuicio, parcialidad o error craso o manifiesto, ni existe en el expediente criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Regla 52.1 de Procedimiento Civil, *supra,* y Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Se declara *No Ha Lugar* la moción en auxilio de jurisdicción instada por la señora Sánchez Colón.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones